USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
EFRAIN FERNANDEZ AGUIRRE,

                            Petitioner,

          -against-

WILLIAM BARR, KEVIN MCALEENAN,
MATTHEW ALBENCE, JAMES MCHENRY,
THOMAS DECKER, and CARL DUBOIS,

                            Respondents.
------------------------------------------------------------- X

19-CV-7048 (VEC)

MEMORANDUM
OPINION

VALERIE CAPRONI, United States District Judge:

      Petitioner Efrain Fernandez Aguirre, currently detained by the immigration authorities, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, seeking a constitutionally-adequate bond hearing. *See* Pet., Dkt. 2. Petitioner also filed a motion for a preliminary injunction, seeking his immediate release or, in the alternative, the bond hearing requested in the Petition. *See* Dkt. 8. On August 16, 2019, this Court GRANTED the preliminary injunction IN PART, denying the application for immediate release but granting the application for a new bond hearing. *See* Order, Dkt. 21. This opinion explains the basis for the Court's ruling.

      No later than **August 26, 2019**, the parties must submit a joint letter stating whether any issues in the Petition remain to be decided. If any such issues remain, the parties must propose a briefing schedule for the Court to address them. If no such issues remain, Petitioner must show cause why the Petition should not be deemed granted and this case closed.

## BACKGROUND

      Petitioner, a citizen of Guatemala, has lived in the United States since 2006. Pet. ¶ 4; Paulino Decl. ¶ 3. He works as a painter in Rockland County and has a daughter who is a

U.S. citizen. *See* Pet. ¶ 15. The Government alleges that he entered the United States without having been properly admitted or paroled. *See id.* ¶ 16; Paulino Decl. ¶ 4.

On May 5, 2018, Petitioner was arrested on state charges of forcible touching and harassment. *See* Gov.'s Mem. of Law at 2. The charges were adjourned in contemplation of dismissal and subsequently dismissed. *See id.* On July 5, 2018, Petitioner was arrested on state charges of strangulation, assault, menacing, resisting arrest, and acting in a manner likely to injure a child. *See id.* Petitioner subsequently pleaded guilty to resisting arrest, a misdemeanor, in resolution of those charges and was sentenced to time served. *See id.*; Return Ex. 1. Petitioner has no other criminal history, apart from some traffic violations. *See* Pet. ¶ 23; Return Ex. 1.

On January 10, 2019, Petitioner was arrested by the U.S. Immigration and Customs Enforcement ("ICE") and placed into removal proceedings. *See* Pet. ¶ 16. The Government charged Petitioner with being present in the United States without having been admitted or paroled. *See id.* Since that time, a period of more than seven months, Petitioner has been detained at the Orange County Correctional Facility, in Goshen, New York. *See id.* ¶ 4. Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See* Gov.'s Mem. of Law at 1.

On April 17, 2019, Petitioner filed in the immigration court applications for asylum, withholding of removal, and relief under the Convention Against Torture. *See* Pet. ¶ 17. A hearing on Petitioner's asylum application is scheduled for August 28, 2019. *See id.* ¶ 28.

On May 1, 2019, the immigration court conducted a bond hearing. *See* Pet. ¶¶ 19–20; Harary Decl. Ex. A. At the hearing, pursuant to Board of Immigration Appeals ("BIA") precedent, the immigration court placed the burden on Petitioner to prove that he is not a danger to the community or a flight risk in order to be released on bond. *See* Pet. ¶ 20. The

Government argued that Petitioner was unable to meet his burden of proof, among other reasons, because he could not prove that the conduct underlying the dismissed criminal charges did not occur. *See* Harary Decl. Ex. A at 5. The immigration court denied bail, holding, in a subsequently-entered written opinion, that Petitioner had "failed to establish that he does not pose a danger to the community." Return Ex. 8 at 2.[1]

Petitioner appealed the immigration court's decision to the BIA, filing his brief on August 1, 2019. *See* Pet. ¶ 27; Gov.'s Mem. of Law at 4–5. His appeal remains pending. *See* Gov.'s Mem. of Law at 1. On July 29, 2019, Petitioner filed the Petition and the motion for a preliminary injunction. *See* Pet.

On August 16, 2019, this Court ordered the Government to provide Petitioner with a new bond hearing no later than August 23, 2019. *See* Order, Dkt. 21. The Court ordered that, in order to justify Petitioner's continued detention: (1) the Government must bear the burden of proving, by clear and convincing evidence, that Petitioner presents either a flight risk or a danger to the community; and (2) alternatives to detention and Petitioner's ability to pay for a bond must be considered. *Id.* The Court stated that the Government must immediately release Petitioner if it fails to provide such a hearing by that date. *Id.*

## DISCUSSION

I. **Petitioner Is Entitled to a Preliminary Injunction**

   A. **Standard of Review**

The standard for a preliminary injunction is well-established:

> "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A court may issue a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such

---

[1] The immigration court held that in light of its finding on dangerousness, it did not need to decide whether Petitioner was a flight risk. Return Ex. 8 at 3.

> relief." *Id.* at 22. As a general matter, a party seeking a
> preliminary injunction must make one of two showings: First, he
> may "show that he is likely to succeed on the merits; that he is
> likely to suffer irreparable harm in the absence of preliminary
> relief; that the balance of equities tips in his favor; and that an
> injunction is in the public interest." *ACLU v. Clapper*, 785 F.3d
> 787, 825 (2d Cir. 2015). Alternatively, he "may show irreparable
> harm and either a likelihood of success on the merits or
> 'sufficiently serious questions going to the merits to make them a
> fair ground for litigation and a balance of hardships tipping
> decidedly toward the party requesting the preliminary
> relief.'" *Id.* (quoting *Christian Louhoutin S.A. v. Yves Saint
> Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012)).
> When a party seeks a preliminary injunction that "will provide the
> movant with substantially all the relief sought and that relief
> cannot be undone even if the defendant prevails at a trial on the
> merits," the movant bears a more substantial burden and "must
> show 'clear' or 'substantial' likelihood of success on the merits
> and make a 'strong showing' of irreparable harm in addition to
> showing that the preliminary injunction is in the public
> interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787
> F.3d 638, 650 (2d Cir. 2015) (citations omitted).

*Sajous v. Decker*, No. 18-CV-2447, 2018 WL 2357266, at *5 (S.D.N.Y. May 23, 2018).[2]

### B. Petitioner Is Likely to Succeed on the Merits of His Claim

#### 1. Petitioner's Due Process Claim

Petitioner argues that the Due Process Clause of the Fifth Amendment requires that, in order to detain a person under the immigration laws, the Government must prove, at an individualized hearing and by clear and convincing evidence, that the person presents either a risk of flight or a danger to the community. *See* Pet.'s Mem. of Law at 7–8. Petitioner also argues that due process requires that, at the bond hearing, the immigration court consider all alternatives to detention and the person's ability to pay any bond. *See id.* at 11.

---

[2] Relying on a handful of district court cases, the Government argues that Petitioner's motion for a preliminary injunction is not proper because it seeks substantially all of the relief sought in the Petition. *See* Gov. Mem. of Law at 6–7. For the reasons stated in the Petitioner's reply brief, the Court disagrees and finds those cases distinguishable. *See* Pet.'s Reply Mem. of Law at 7–8.

4

The Court agrees with Petitioner for the reasons stated in *Velasco Lopez v. Decker*, No. 19-CV-2912, 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019); *Bermudez Paiz v. Decker*, No. 18-CV-4759, 2018 WL 6928794, at *15 (S.D.N.Y. Dec. 27, 2018); *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018); *Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *4–5 (S.D.N.Y. Oct. 17, 2018); *Perez v. Decker*, No. 18-CV-5279, 2018 WL 3991497, at *6 (S.D.N.Y. Aug. 20, 2018), and the cases cited therein. Indeed, Petitioner's position is the "overwhelming consensus of judges in this District." *Bermudez Paiz*, 2018 WL 6928794, at *15; *see also Velasco Lopez*, 2019 WL 2655806, at *3 ("[E]very court to have considered the constitutional issue presented in this case has agreed . . . [that] under the Due Process Clause of the Fifth Amendment, it is the Government's burden to justify the detention of an immigrant at a bond hearing under § 1226(a)."). In particular, the Government offers no basis to distinguish three of these cases, *Velasco Lopez*, 2019 WL 2655806; *Martinez*, 2018 WL 5023946; and *Darko*, 342 F. Supp. 3d 429, other than to "respectfully disagree[]" with the conclusions that they reached. Gov.'s Mem. of Law at 27.[3]

### 2. Administrative Exhaustion

Ordinarily, "[u]nder the doctrine of exhaustion of administrative remedies, a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995) (internal quotation marks omitted). But because no statute imposes an exhaustion requirement in this case, a lower, judicially-created, prudential standard of exhaustion applies.

---

[3] The Government argues that Petitioner is not likely to succeed on the merits of his due-process claim because he was not prejudiced by the allocation of the burden of proof at the bond hearing. *See* Gov.'s Mem. of Law at 28. This argument is not credible. Because the Government's best evidence of dangerousness is two arrests whose most serious aspects were dismissed, it is clearly possible that, were the burden allocation reversed, a rational judge would conclude that dangerousness was not established by a clear-and-convincing standard.

*See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003); *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014). Pursuant to this doctrine, the failure to exhaust administrative remedies may be excused where: "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; [or] (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62.

Because Petitioner's appeal of the bond hearing is pending with the BIA, the parties agree that Petitioner has not administratively exhausted his claims. The Court finds, however, that the exception for irreparable injury applies here. Petitioner's asylum hearing, which could be critical to defending against his removal from this country, is scheduled to be held in less than two weeks. Pet. ¶ 28. Petitioner's attorney represents that, in her experience, BIA appeals generally take three to four months. Kim Decl. ¶ 8. Petitioner has been diagnosed with post-traumatic stress disorder ("PTSD") and major depressive disorder, Pet. ¶ 32; Fortuna Decl. ¶ 12; Koshy Decl. ¶ 6, and the conditions of detention have exacerbated these conditions, making him "severely symptomatic," Fortuna Decl. ¶ 13; *see also* Koshy Decl. ¶¶ 7–11, 14. Those symptoms have substantially interfered with Petitioner's ability to prepare for the asylum hearing: not only has he suffered panic attacks, "overwhelming anxiety," and nausea during prep sessions, Pet. ¶ 32; Fortuna Decl. ¶¶ 14–16, but he has also become "somewhat avoidant when discussing his traumas" in these sessions, Koshy Decl. ¶ 11. Indeed, Petitioner's attorney observed that during prep sessions, Petitioner has been "in clear distress, particularly when discussing past abuses he has suffered." Kim Decl. ¶ 9. Petitioner's difficulty "disclos[ing] incidents from his traumatic past," Pet. ¶ 32, could irreparably hamstring his credibility during the upcoming asylum hearing, where his "ability to testify coherently about [his] abuse [will be]

critical [to] his ability to prevail" on the asylum claim, Kim Decl. ¶ 13.  The Government offers no evidence to dispute these assertions, and they are corroborated by the sworn declarations of a psychiatrist who reviewed Petitioner's psychological evaluation, a forensic social worker who conducted several interviews of Petitioner, and Petitioner's attorney.

Additionally, it does not appear that Petitioner could call any witness other than himself to testify about the abuse that he suffered in Guatemala.  His daughter is the only family that he has in the United States, and she has no firsthand knowledge of what happened to her father in Guatemala, *see* Return Ex. 5 at 14; his mother is deceased, *see id.*; Kim Decl. ¶ 2; and his father, while alive, is unlikely to testify about the abuse (given that he is accused of perpetrating it), *see* Return Ex. 5 at 14; Pet. ¶ 13.  These facts make it essential for Petitioner to testify credibly if he has any hope of being granted asylum.

These circumstances are sufficient to support a finding that "irreparable injury may occur without immediate judicial relief."  *Beharry*, 329 F.3d at 62; *see, e.g.*, *Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1138–39 (N.D. Cal. 2018); *Celestin v. Decker*, No. 17-CV-2419 (S.D.N.Y. June 14, 2017), Padmanabhan Decl. Ex. A, at 5–6; *Abdi v. Duke*, 280 F. Supp. 3d 373, 404 (W.D.N.Y. 2017), *order clarified*, 287 F. Supp. 3d 327 (W.D.N.Y. 2018); *cf. Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).  Accordingly, Petitioner is excused from administratively exhausting his due-process claim.[4]

---

[4] The Government argues that invoking the irreparable-injury exception here would make the exception swallow the rule because, in the Government's view, Petitioner has identified no irreparable injury other than the fact that he is detained.  *See* Gov.'s Mem. of Law at 14–15 (citing *Torres v. Decker*, No. 18-CV-10026, 2018 WL 6649609, at *3 (S.D.N.Y. Dec. 19, 2018)).  The Court disagrees.  Petitioner's circumstances, including his mental health and upcoming asylum hearing, distinguish his injury from that of many other detainees.

Additionally, because the Court finds that the exception to exhaustion for irreparable injury applies, the Court need not address Petitioner's argument that the exception for futility should apply.

### C. Remaining Factors

In addition to showing a likelihood of success on the merits, Petitioner must show that he is likely to suffer irreparable harm; that the balance of equities tips in his favor; and that a preliminary injunction is in the public interest. *Clapper*, 785 F.3d at 825. For the same reasons that administrative exhaustion is excused, the Court finds that Petitioner is likely to suffer irreparable harm. And for the reasons stated in *Sajous*, 2018 WL 2357266, at *13, the Court finds that the balance of the equities tips in Petitioner's favor and that a preliminary injunction is in the public interest.

For all these reasons, the Court granted the motion for preliminary injunction to the extent that it sought a new bond hearing.

## II. Petitioner Is Not Entitled to Immediate Release Pursuant to *Mapp v. Reno*

Petitioner's motion for preliminary injunction also asked the Court to order his immediate release from custody pursuant to the Court's "inherent authority to grant bail to habeas petitioners." *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001). The Court denied this application in the August 16, 2019 order. *See* Dkt. 21. This remedy is appropriate only where "the grant of bail [is] necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 226. Because the Petition seeks only a constitutionally-adequate bond hearing, *see* Pet. ¶¶ 35–37, and because the Court has granted that relief, immediate release is not necessary to make the habeas writ effective.

## III. Concluding Principles

As a final matter, the Court pauses to take note of what is at stake here. Accepting the Petition's allegations as true, Petitioner came to the United States when he was 15 years old, fleeing physical and emotional abuse in his home country. *See* Pet. ¶¶ 13–14. He has a daughter

who is a U.S. citizen.  *See id.* ¶ 15.  He works.  *See id.*  He has been detained pending removal for more than seven months, despite his documented, corroborated, and severe mental-health issues.  *See id.* ¶¶ 16, 31–32.  His asylum hearing, the outcome of which could alter the trajectory of his life and the life of his American-citizen daughter, is rapidly approaching.  *See id.* ¶ 28.  Clearly, the stakes for Petitioner of the burden-allocation issue are extremely high.

The Government takes the position not just that Petitioner should be removed and not just that he should be detained, but—against the overwhelming weight of authority in this District—that he should not even have a *hearing* on his detention at which the Government would bear the burden of proof.  A hearing is just that: a hearing.  It is not a conclusive determination that Petitioner should be released; it simply puts that question to a detached and neutral factfinder applying a constitutional burden of proof.  The Court is confident that the Government will have every opportunity to make its case at that hearing that detaining Petitioner is in the best interest of society.  The Court's ruling today simply ensures that the Government does not stack the deck against Petitioner in that hearing and, therefore, that Petitioner receives the process to which our Constitution entitles him.

## CONCLUSION

For all the foregoing reasons, the Court's August 16, 2019 order GRANTED IN PART Petitioner's motion for a preliminary injunction.  As to the application for immediate release, the motion was DENIED.  As to the application for a constitutionally-adequate bond hearing, the motion was GRANTED.  The Government must either conduct a bond hearing consistent with this opinion and with the August 16 order no later than **August 23, 2019** or else immediately release Petitioner.

No later than **August 26, 2019**, the parties must submit a joint letter stating whether any issues in the Petition remain to be decided. If any such issues remain, the parties must propose a briefing schedule for the Court to address them. If no such issues remain, Petitioner must show cause why the Petition should not be deemed granted and this case closed.

**SO ORDERED.**

Date: **August 19, 2019**
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**